CabutheRS, J.,
delivered the opinion of the Court.
At the April Term, 1857, of the Circuit Court of Giles, Gilliam moved for judgment against Sarah Pitts for $737.50, being the one-half of a judgment and costs for which plaintiff and defendant were liable, as is alleged, as the joint sureties of one Ananias Pitts, on a note to A. M. Wilson, administrator of Hiram Young, deceased, for $1,346, due the 12th of December, 1855.
It appeared that the judgment had been obtained against the principal, Ananias, and Gilliam — the said Sarah not having been sued — and that, in consequence of the insolvency of Ananias, the same had been paid by Gilliam to the sheriff of Giles, on the 25th of April, 1857, when it amounted to $1,458.63. The note is in these words:
“ Twelve months after date, we, or either of us, *553 promise to pay A. M. Wilson, administrator of Hiram Young, deceased, thirteen hundred and forty-six dollars, for 63,000 pounds of seed cotton.
“ Witness our hands and seals, this 12th December, 1854.
“ A. PITTS, [SEAL.]
“ SAM’L GILLIAM, [seal.]
“SARAH PITTS, [seal.]”
A jury was empanneled to try and determine whether the defendant, Sarah, was joint surety with the plaintiff in said note. They found that she was, and judgment was entered against her for the one-half paid by plaintiff. She appeals, and now assigns errors in the proceedings and judgment.
1. The Court refused to continue the case at the term at which it was tried, upon the affidavits of George Pitts ánd James Watson, showing that the defendant was desirous to put in and rely upon a plea of non est factum in the case, and that she was not able, in consequence of sickness, to attend the Court for the purpose of swearing to the same. • The case had been continued, “ as on affidavit of the defendant,” at the previous term. Continuances are in the discretion of the Court, and we would not reverse its action upon such motions, unless it clearly appeared to us that there had been a very great abuse of this discretion. We see nothing in the record to make out such a case; but, as it turns out upon the trial, such a plea would have been of no avail to her, and, consequently, she has. sustained no injury, as will appear under the second objection taken to the action of the Court. It is not controverted, of course, that this *554 motion against her for contribution would be defeated if she could rely upon and maintain such a plea.
2. The defendant was not allowed to introduce proof to show that she had not signed the note, but that her name was forged. This was right, even if her plea of non est factum had been regularly filed upon oath. Her son, the principal in the note, had previously made a deed of trust for the benefit of his creditors, and, among others, this debt was provided for, and described as a note upon which the plaintiff and defendant were his sureties. In the answer of defendant to a bill against her and others, in relation to this deed, she referred to and claimed the benefit of it, and insisted that the deed was bona fide, and the debts secured, just. She, as one of several joint respondents, swore to the truth of the answer. This would unquestionably estop her from ever denying that she was properly bound upon the note, or that she and plaintiff were joint sureties upon it. If she had not accepted the deed it would be different. But here was an acceptance in the most solemn form, by a deliberate answer, in a judicial proceeding, upon oath.
We have decided in another case, at the present term, that a stayor of execution, under circumstances that would not bind him in law, who has accepted a deed of trust for his security, is placed under an estop-pel, and cannot resist his liability, though his undertaking was utterly void.
The same principle governs this case, and deprives the defendant of the proposed defence.
The judgment will be affirmed.